UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CATO LAURENCIN,**<br>    **Plaintiff** | : | |
| | : | |
| v. | : | C.A. NO. 3:21cv00452(AVC) |
| | : | |
| **TOWN OF WEST HARTFORD**<br>**JEFFREY SWANK, IN HIS INDVIDUAL**<br>**CAPACITY, KATHY EARLY, IN HER**<br>**INDIVIDUAL CAPACITY**<br>    **Defendants** | :<br>:<br>:<br>:<br>:<br>: | MAY 17, 2021 |

## AMENDED COMPLAINT

### COUNT ONE

1. Plaintiff Cato T. Laurencin is at all times relevant to this complaint a resident of Avon, Connecticut.  Plaintiff is African American.

2. Defendant Town of West Hartford is a municipality within the meaning of Conn. Gen. Stat. § 7-467 and a subdivision of the State of Connecticut.  It has a principal place of business located at 103 Raymond Road, West Hartford, CT.

3. Defendant Jeffrey Swank resides in Hartford, Connecticut, and was at all times relevant to this complaint a police officer employed by the Town of West Hartford.  Defendant Jeffrey Swank is being sued in his individual capacity for personal actions taken under the color of state law against Plaintiff.

4. Defendant Kathy Early resides in Windsor, Connecticut, and was at all times relevant to this complaint a police officer employed by the Town of West Hartford.

    Defendant Kathy Early is being sued in his individual capacity for personal actions taken under the color of state law against Plaintiff.

5. Defendant Town of West Hartford has organized a police department referred to as the Town of West Hartford Police Department in this complaint, which at all times was an agent of the Town of West Hartford.

6. At all times relevant to this complaint, Defendant Officer Jeffrey Swank and Defendant Officer Kathy Early were agents and employees of Defendant Town of West Hartford's Police Department.

7. On February 15, 2020, at around 11:10 a.m. on a Saturday morning, Plaintiff, a Black man, was operating his motor vehicle, a Mercedes-Benz, on the way to funeral, dressed appropriately for that occasion, travelling eastbound on Route 44 in West Hartford towards the corner of Albany Avenue and Mountain Road. As Plaintiff approached the intersection, the traffic light began to turn yellow and he stopped his vehicle before the intersection.

8. As Plaintiff's vehicle arrived at the intersection, a West Hartford police car was also at the intersection on the southbound side of Mountain Road.

9. After the light changed, the police car made a left turn and circled behind Plaintiff's vehicle and then moved to the right side of his vehicle.

10. While stopped at the intersection with the traffic light still red, Plaintiff noticed that his Bluetooth had not been activated when he originally entered his vehicle.

11. Plaintiff depressed the power button to his phone that was sitting on the passenger seat so that Plaintiff could make use of the hands free feature.

12. As Plaintiff was waiting for his phone to power up and the Bluetooth to register on

his car console, Defendant Officer Early rolled down her window and told Plaintiff to pull over.

13. In response to Plaintiff's query as to why he was being asked to pull over, Defendant Officer Early informed Plaintiff that he was being stopped because he was using his phone which was a violation of traffic laws.

14. Plaintiff advised Defendant Officer Early that he simply pressed a button on his phone to activate the Bluetooth to be able to use the hands-free feature in his vehicle which is not a violation of traffic laws.

15. After Plaintiff pulled over, Plaintiff was informed by Defendant Officer Early that because his eyes were not looking up when at the red light, Defendants Officer Early and Officer Swank decided to investigate him.

16. Plaintiff was also told that the officers could not tell if he was using a phone so they had to circle around his vehicle to investigate.

17. Plaintiff identified himself as a physician and a member of the Connecticut Racial Profiling Prohibition Project.

18. Plaintiff informed the officers that he was familiar with Connecticut General Statutes § 14-296aa regarding the use of hand-held mobile phones, further stating that beyond depressing the button, at no time did Plaintiff engage in a call, type, send or read a text message.

19. Specifically, Connecticut General Statutes § 14-296aa(a)(6) states, engaging in a phone call "does not include holding a hand-held mobile telephone to activate, deactivate or initiate a function of such telephone."

20. Plaintiff was informed he should have driven to the side of the road, and off the road,

to turn on the power button of his phone and it was a violation of law not to do so.

21. Thus, following the stop and seizure of Plaintiff and his vehicle for the reasons stated, Defendants Officers Early and Swank issued Plaintiff a warning for a first offense violation of Connecticut General Statutes § 14-296aa.

22. At no time before or during the stop at the intersection did Plaintiff engage in a phone call, nor did he type, send or read a text message.

23. Plaintiff was ultimately issued a warning by Defendants Officers Early and Swank.

24. The so-called investigation by Defendants Officers Early and Swank, which began with the alleged observation that Plaintiff was not looking up while at the light when the officers were more than 70 feet away is suspect, and in any event, did provide reasonable suspicion to stop and seize Plaintiff and his vehicle.

25. Rather, Defendant Town of West Hartford, acting through its Police Department and the actions of Defendants Officer Kathy Early and Jeffrey Swank, engaged in racial profiling in violation of Connecticut General Statutes § 54-1L.

26. Racial profiling has been medically determined to cause adverse health effects in individuals exposed to this practice.

27. Defendants Officer Kathy Early and Jeffrey Swank lacked reasonable suspicion and probable cause to restrain Plaintiff's freedom on travel as a Black man and citizen of the United States.

28. Defendants Officer Kathy Early and Jeffrey Swank violated Plaintiff's right to be free of unreasonable search and seizure protected by the Fourth and Fourteenth Amendments to the United States Constitution and enforced through 42 U.S.C. § 1983,

when Defendants seized Plaintiff and his vehicle, as described in the preceding paragraphs in this complaint, without reasonable suspicion or probable cause to do so.

29. Defendants Officer Kathy Early and Jeffrey Swank acted with malicious, intentional, willful, wanton, and/or reckless indifference to Plaintiff's constitutional rights as demonstrated by the racial profiling that accompanied this illegal stop and seizure.

30. As a direct and proximate result of the Defendants Officer Kathy Early and Jeffrey Swank's violation of Plaintiff's constitutional rights under the Fourth Amendment, Plaintiff has suffered and continues to suffer damages, including mental anguish, emotional distress, humiliation, embarrassment, damage to his personal and professional reputations, loss of enjoyment of life, and has incurred attorney's fees and court costs.

**COUNT TWO**

1-27   Paragraphs 1 to 27 of Count One are hereby incorporated by reference and made paragraphs 1 to 27 of Count Two as though more fully set forth herein.

28. By its racial profiling of Plaintiff Defendants Officer Kathy Early and Jeffrey Swank treated Plaintiff differently than similarly situated citizens operating motor vehicles in the Town of West Hartford who were not Black.

29. Defendants Officer Kathy Early and Jeffrey Swank violated Plaintiff's right to equal protection Fourteenth Amendment to the United States Constitution and enforced through 42 U.S.C. § 1983, when Defendants seized Plaintiff and his vehicle in an illegal traffic stop as described in the preceding paragraphs in this complaint.

30. Defendants Officer Kathy Early and Jeffrey Swank acted with malicious, intentional, willful, wanton, and/or reckless indifference to Plaintiff's constitutional rights

as demonstrated by the racial profiling that accompanied this unequal treatment on the basis of his race.

31.     As a direct and proximate result of the Defendants Officer Kathy Early and Jeffrey Swank's violation of Plaintiff's constitutional rights under the Fourth Amendment, Plaintiff has suffered and continues to suffer damages, including mental anguish, emotional distress, humiliation, embarrassment, damage to his personal and professional reputations, loss of enjoyment of life, and has incurred attorney's fees and court costs.

**COUNT THREE**

1-29    Paragraphs 1 to 29 of Count One and paragraphs 28 to 29 of Count Two are hereby incorporated by reference and made paragraphs 1 to 31 of Count Three as though more fully set forth herein.

32.     Defendant Town of West Hartford has failed to adopt and/or enforce policies that prevent racial profiling leading to the unequal treatment of Plaintiff based on race and to the illegal seizure of Plaintiff and his vehicle in violation of the Fourth and Fourteenth Amendments to the United States Constitution enforced by 42 U.S.C. § 1983.

33.     Defendant Town of West Hartford, through its agents delegated with the responsibility to supervise Defendants Officer Kathy Early and Jeffrey Swank have acted with deliberate indifference to the racial profiling practices exhibited by the unequal treatment of Plaintiff based on race and to the illegal seizure of Plaintiff and his vehicle in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

34. As a direct and proximate result of the Defendants Officer Kathy Early and Jeffrey Swank's violation of Plaintiff's constitutional rights under the Fourth Amendment, Plaintiff has suffered and continues to suffer damages, including mental anguish, emotional distress, humiliation, embarrassment, damage to his personal and professional reputations, loss of enjoyment of life, and has incurred attorney's fees and court costs.

Wherefore, Plaintiff demands a jury trial and judgment against the Defendants along with the following relief:

1. Legal relief, in the form of compensatory damages, including mental anguish, emotional distress, humiliation, embarrassment, damage to his personal and professional reputations, loss of enjoyment of life pursuant to 42 U.S.C. § 1983.
2. Equitable relief, in the form of a mandatory injunction requiring training of Defendant's police department in the consequences of racial profiling, including the damages caused thereby, order to avoid and prevent racial profiling in the future.
3. Punitive damages pursuant to federal common law.
4. Attorney's Fees and fees for experts pursuant to 42 U.S.C. § 1988.

Dated at New London, this 17th day of May 2021.

                      PLAINTIFF
                      CATO LAURENCIN

                      By:_____/S/_____
                      Jacques J. Parenteau
                      Madsen, Prestley & Parenteau, LLC
                      105 Huntington Street.
                      New London, CT 06320
                      Tel. (860) 442-2466
                      Fax (860) 447-9206
                      Email: jparenteau@mppjustice.com
                      Juris No. 418345

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Second Amended Complaint has been sent by electronic mail and mailed via first class mail to the following counsel of record on this 17th day of May, 2021:

Thomas R. Gerarde
Katherine E. Rule
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1190
(860) 249-1361
tgerarde@hl-law.com
krule@hl-law.com
Juris No.: 28228


*/s/Jacques Parenteau*_____
Jacques J. Parenteau